UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:08-cr-324 |
| Plaintiff, | Chief Judge Paul L. Maloney |
| v. | |
| DANIEL VAN DER ZWAAG and PATRICIA VAN DER ZWAAG, | |
| Defendants. | |

## Opinion and Order

**Granting the Motion *In Limine* Seeking Exclusion of Amended Returns as Inadmissible When a Defendant is Not Testifying;**
**Denying Without Prejudice the Motion Seeking Exclusion of Returns as Inauthentic;**

**Granting the Government's Unopposed Motion to Admit Summary Evidence**

Government's Motion *In Limine* Seeking Exclusion of Amended Tax Returns When a Defendant is Not Testifying.

The prosecution filed two motions *in limine* on August 10, 2009, one regarding Amended Tax Returns and one regarding Summary Evidence. In the motion regarding amended tax returns, the government first explains the potential use and significance of the alleged amended returns:

> The prosecution has learned that the defense may attempt to offer into evidence tax returns prepared after the indictment was returned in this case. The prosecution seeks a ruling that this evidence is inadmissible unless offered during the testimony of one of the defendants.
>
> A. FACTUAL BACKGROUND
> [P]art of the proof against the defendants will be that they made false statements

about their income and source of income in their loan applications. Proof of falsity will come in part from the tax returns, filed during the relevant years, indicating income significantly less than indicated on the loan applications. These returns also reflect the sources of the defendants' income.

[T]he income claimed on the defendants' loan applications relate to D&L Services, which was owned and operated by defendant Daniel VanderZwaag's father until approximately December 2005, when the defendants purchased it from him. It is part of the prosecution's case that the defendants earned no appreciable income from D&L Services before December 2005, and the defendants' contrary claims on the loan applications were false.

This tax return information was supplied to the defense during the pretrial discovery process. On May 14, 2009, the parties had a discovery meeting in preparation for the original trial date of June 1. At this time the defense provided the prosecution with what were described as amended tax returns for the years 2003, 2004, and 2005. The defense stated that it proposed to introduce them as exhibits to demonstrate that the income information supplied on the loan applications were [sic] true. The documents provided by the defense do not indicate whether they were filed with the IRS, and the prosecution has no information indicating that they were in fact filed.

The returns are for a married couple filing jointly, for Daniel VanderZwaag and Michelle VanderZwaag, who were married until January 2006. The government has contacted Michelle VanderZwaag, and has been told that she knows nothing about any amended returns being filed, and that the income amounts in the alleged amended returns are greatly exaggerated.

Government's Motion *In Limine* Regarding Amended Tax Returns at 1-2.

The government contends that "courts generally exclude self-serving or exculpatory hearsay statements offered into evidence by a defendant because those statements are inherently unreliable. *See* Gov's Tax-Return Mot. at 3. The government provides examples as follows:

[ *See* ] *United States v. Quansah*, 171 F. App'x 51, 52 (9th Cir. 2006) ("Self-serving statements are not exempted from the hearsay rule by Federal Rule of Evidence 801(d)(2)(A) or any other exemption or exception, and are thus inadmissible hearsay. The Rule of Completeness does not compel admission of otherwise inadmissible hearsay evidence."[)] (citation omitted)); *United States v. Bond*, 87 F.3d 692, 699-700 (5th Cir. 1996) (tape recordings defendant made while a fugitive excluded because testimony offered for his own benefit, not against him); *Trade Dev. Bank v. Cont'l Ins. Co.*, 469 F.2d 35, 43 (2d Cir. 1972) (defendant's statements to investigators that his earlier confessions were untrue and had been extorted from him

[were] excluded]; *see* FED. R. EVID. 801-02.

This rule applies where the declarant has a motive to lie, even where the declarant is not the defendant. *See United States v. Hooks* 848 F.2d 785, 797 (7th Cir. 1988) (excluding statements of defendant's wife and another woman where declarants faced possible indictment).

Though such self-serving hearsay evidence frequently manifests in the form of an oral statement or confession (reduced to writing) by the defendant to an investigator, *see, e.g., United States v. Ricketts*, 146 F.3d 492, 497 (7th Cir. 1998); *United States v. Smith*, 490 F.2d 789, 791 (D.C. Cir. 1974) (per curiam), self-serving written statements, including expert opinions, letters, and other documents have also been held inadmissible, *see, e.g., United States v. Tipton*, 269 F. App'x 551, 560 (6th Cir. 2008); *Hargett v. Nat'l Westminster Bank*, 78 F.3d 836, 842 (2d Cir. 1996); *Stull v. Fuqua Indus., Inc.*, 906 F.2d 1271, 1274-75 (8th Cir. 1990); *Am. Employers' Ins. Co. v. Roundup Coal Mining Co.*, 73 F.2d 592, 595 (8th Cir. 1934).

Written opinions addressing self-serving written hearsay are most common in civil litigation. [I]n *Hargett* an employee brought a race discrimination against his former employer. *Hargett*, 78 F.3d at 838. The employer claimed the employee had been terminated for allowing a stripper to perform at a business meeting. *Id.* The plaintiff appealed, *inter alia*, the district court's exclusion of a letter purportedly written by a manager to the employee suggesting that the stripper be hired to perform. *Id.* at 837-38. The [Second Circuit] panel affirmed the exclusion of the letter as self-serving hearsay, noting that it was inadmissible under any exception to the hearsay rule. *Id.* at 842.

Similarly, in *Stull* the plaintiff was injured in a lawn mowing accident, sued the manufacturer of the lawn mower, and won a recovery in the district court. *Stull*, 906 F.2d at 1273. On appeal, the defendant-manufacturer argued [that] the district court erred in excluding certain letters written by one of its employees to the expert witness for the plaintiff. The letters paraphrased the expert as conveying an associate's interest in purchasing the allegedly defective lawnmower, a statement that could have been used to impeach the expert at trial. *Id.* at 1274. In affirming the exclusion of the evidence, the [Second Circuit] stated that since the letters were written by the employee of the defendant, rather than by the expert, the trial judge properly excluded them as self-serving hearsay. *Id.* at 1274-75.

In *American Employers'* [sic], the underlying issue in an insurance dispute was whether an employee embezzled funds from the company, and how much he had embezzled. *Am. Employers'*, 73 F.2d at 594. In excluding a list of amounts allegedly stolen by the employee, which list had been based on letters written by the company's customers, the court held that it could not "escape the conclusion that it was not only hearsay, but was made up of a series of written self-serving

> declarations. . . . . [H]earsay testimony is not made competent by the mere fact that it may be written." *Id.* at 595.

Government's Motion *In Limine* Regarding Amended Tax Returns at 3-5.

The court directed the defendants to file a response to the motions *in limine* no later than Tuesday, August 18. The defendants did not file a response to the summary-evidence motion. They filed a response to the motion dealing with amended returns which reads as follows, in its entirety:

> Defendant Daniel VanderZwaag is charged with submitting false income information in support of two mortgage loan applications. The Government will likely introduce certain 1040 tax returns filed on behalf of the Defendant to show that he overstated his income in the applications for loans. The 1040 return will be offered through an IRS representative who has been identified as Steve Corcoran.
>
> After the indictment, Defendant Daniel VanderZwaag caused amended tax returns to be prepared for the subject years by a third party professional tax preparer. The amended returns were prepared on the basis of information provided by the Defendant.
>
> The amended returns were filed with the IRS. Proof of filing would be supplied by the fact of mailing by the third party tax preparer, and the fact that the Defendant received tax bills from the IRS based on the amended returns.
>
> It seems to the Defendant that for all the reasons that the IRS representative can lay a foundation for the introduction of the Defendant's initial 1040 tax returns, the same IRS representative can lay a foundation for the amended tax returns. If the IRS recently sent a bill for unpaid taxes that were not owed under the initial 1040 returns, it would seem that the amended 1040 returns were received and processed by the IRS on the same official basis.
>
> The Government does concede that the amended returns are admissible if introduced by the Defendant himself. The defense has not determined at the time if one or both [of] the Defendants will testify. The defense currently relies on the fact of filing as the basis for introducing the amended tax returns. Whether the amended returns are more or less accurate than the original returns is a matter of weight not admissibility.

Defendants' Response to Government's motion *In Limine* Regarding Amended Tax Returns at 1-2.

Today, the defendants filed a supplement to their response to this motion. In its entirety, it reads as

follows:

> The defense represented, or implied, that the amended 1040 tax returns were filed by mail at or about the time of preparation. This is not true.
>
> The amended 1040 returns for Defendant Daniel VanderZwaag were just filed, and filed directly with the Grand Rapids office of the IRS. The Defendant attempted to locate his ex-wife for signature, but was unable or unwilling to obtain her consent and signature. The Defendant filed the amended 1040 returns on his own behalf as the only party responsible for the income.

Defendants' Amended Memorandum in Response to Government's Motion *In Limine* at 1.

As the party seeking to introduce evidence, the VanderZwaags have the burden of showing that the evidence is admissible. *See, e.g., US v. Lopez-Arias*, 344 F.3d 623 (6th Cir. 2003) (Clay, Gibbons, D.J. Cleland) (where government sought introduction of evidence pursuant to consent-to-search, it had the burden of proving that the consent was sufficiently attenuated from an illegal seizure such that the causal chain was broken and the evidence was admissible); *US v. Shrout*, 298 F. App'x 479, 493 (6th Cir. 2008) (Guy, Batchelder, McKeague) (because government sought introduction of incriminating statement by alleged co-conspirator, it had the burden of showing that the statement qualified as "not-hearsay" under FED. R. EVID. 801(d)(2)(E)); *US v. Brewer*, 451 F. Supp. 50, 51 (E.D. Tenn. 1978) (once defendant moved to suppress evidence of certain past convictions as impeachment evidence if he took the stand, the government had the burden of showing that the evidence was admissible).

The VanderZwaags have not even attempted to carry this burden. First, they have not contested the government's characterization of the amended tax returns as hearsay, and the court determines that they *are* hearsay because the defendants would seek to introduce the returns (if at all) to prove the truth of the matters asserted (i.e., to prove the truth of the income amounts and sources stated on the amended tax returns), not merely to prove that the returns were filed.

"As a general rule, hearsay is inadmissible in federal court", *US v. Rodriguez-Lopez*, 565 F.3d 312, 314 (6th Cir. 2009) (citing FED. R. EVID. 802), and the party seeking to introduce hearsay must show that it qualifies for an exception to that rule, *see US v. Thomas*, 105 F. App'x 773, 779 (6th Cir. 2004) (Boggs, Daughtrey, N.D. Ohio D.J. Ann Aldrich) ("As the party seeking to introduce hearsay, [criminal defendant] had the burden of showing that the excited utterance exception applied.") (citing *Guest v. Bailes*, 448 F.2d 433, 436 (6th Cir. 1971)). The defendants do not identify any exception to the hearsay rule which they believe applies to the amended returns, so they are not entitled to introduce the amended returns when a defendant is not testifying.[1][2]

This obviates the need to consider, at this time, the government's alternative argument, that the amended tax returns cannot be properly authenticated as required by FED. R. EVID. R. 901(a). *See* Gov's Mot. Regarding Am. Tax Returns at 6-8 (discussing FED. R. EVID. 901(b)(1) authentication by testimony of a witness with personal knowledge, FED. R. EVID. 901(b)(7) authentication by introduction of evidence that the amended returns were filed with the IRS, or FED. R. EVID. 902(4) authentication by offering self-authenticating certified copies of the amended returns). If the defense seeks to introduce the amended tax returns during the testimony of one of

---

[1]

The court intimates no opinion as to whether the amended returns would be admissible if a defendant sought to introduce them during his testimony. The government's motion *in limine* seeks only a ruling that those returns are "inadmissible unless offered during the testimony of one of the two defendants." Mot. at 1.

[2]

Only if the defendants had shown that the amended returns qualified for an exception to the hearsay rule, would the government have the burden to show that the returns should nonetheless be excluded as unreliable / untrustworthy. *See US v. Garland*, 991 F.2d 328, 333 (6th Cir. 1993) (after proponent of evidence showed that it qualified for the FED. R. EVID. 803(8)(C) business-records investigatory-report exception, the burden shifted to the *o*pponent to show that the report should nonetheless be excluded as untrustworthy). The court intimates no opinion on the legal significance, in such an unreliability analysis, of the fact that the amended returns are "self-serving."

the defendants, the court will entertain counsels' arguments regarding admissibility in that situation, and regarding authentication, at that juncture.

Government's Motion *In Limine* Seeking Admission of Summary Evidence.

The government's second motion states as follows:

> The government anticipates that the defendants may claim that the income and earnings stated on their loan applications were correct and not false. The government has obtained the defendants' bank account information and is prepared to call a[n] FBI financial analyst, William Vos, to summarize what the defendants' banking income reveals about the source and amount of the defendants' income during the relevant years. The government seeks a pretrial ruling that this evidence will be admissible.
>
> The summary evidence will be offered under Federal Rule of Evidence 1006, which provides:
>
>> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for the examination or copying, or both, by other parties at [a] reasonable time and place. The court may order that they be produced in court.
>
> The Sixth Circuit has a long and well-established practice of allowing the use of summary charts in criminal cases, both under the authority of Rule 1006 of the Federal Rules of Evidence and under common[-]law principles. *United States v. Bray*, 139 F.3d 1104, 1109 (6th Cir. 1998); *United States v. Paulino*, 935 F.2d 739, 753 (6th Cir. 1991); and *United States v. Scales*, 594 F.2d 558 (6th Cir. . . . 1979). The trial court's admission of summary charts will not be overturned on appeal absent an abuse of discretion. *United States v. Jamieson*, 427 F.3d 394, 409 (6th Cir. 2005); *Bray*, 139 F.3d at 1109.

Government's Motion *In Limine* Regarding Summary Evidence at 1-2.

In order to gain admission of summary evidence under FED. R. EVID. 1006, the government must show that the underlying information is so voluminous that it cannot conveniently be examined in court, the underlying information has been made available for the opponent to examine, the

underlying information is in the form of admissible evidence, the summary is accurate and presented in a non-prejudicial manner, and the summary is introduced by the person who oversaw its preparation. *See US v. Moon*, 513 F.3d 527, 545 (6th Cir.) (citing *US v. Jamieson*, 427 F.3d 394, 490 (6th Cir. 2005)), *cert. denied*, – U.S. –, 128 S.Ct. 2493 (2008). The government represents that its proposed summary meets these criteria,

> The defendants['] banking records have been available for review by the defense since the time . . . of their indictment. The records summarized are business records and would be admissible as evidence [under FED. R. EVID. 803(8)]. However, the time period at issue here spans a number of years, so it would be burdensome and time-consuming for [FBI employee] Vos to discuss every monthly statement before the jury.

Gov's Mot. Regarding Summary Evidence at 4. The defendants have not filed any response to this motion, so they do not dispute the government's representations. Relying on the government's uncontested representations, the court rules that the proffered summary is admissible as substantive evidence under FED. R. EVID. 1006. *See, e.g., US v. Williams*, 952 F.2d 1504, 1519 (6th Cir. 1991) (affirming Rule 1006 admission of chart which summarized a "chronology of the significant events" in a government-corruption prosecution, including telephone, limousine and surveillance records and excerpts from recorded telephone conversations); *accord US v. Tannehill*, 49 F.3d 1049, 1056 (5th Cir. 1995). *Contrast Quinn-Hunt v. Bennett Enters., Inc.*, 211 F. App'x 452, 458 (6th Cir. 2006) (Cole, McKeague, D.J. Breen) (district court did not abuse discretion in declining to admit plaintiff's homemade timecards, at 2005 trial, which allegedly summarized timecards dating back to 1993, because "the timecards in question are not so voluminous that they 'cannot conveniently be examined in court"), *cert. denied*, – U.S. –, 128 S.Ct. 254 (2007).

**ORDER**

The government's motion *in limine* regarding amended tax returns **[# 40] is GRANTED in part and DENIED without prejudice in part.**

If the defendants seek to introduce the amended tax returns at any time other than during the testimony of one of the defendants, said returns shall be **EXCLUDED** as inadmissible hearsay.

If the defendants seek to introduce the amended tax returns while a defendant is testifying, the court will consider any admissibility and authenticity objections at that time.

The government's unopposed motion *in limine* on summary evidence **[# 41] is GRANTED.**

The government's summary of the defendants' bank-account information, prepared under the supervision or direction of FBI Agent William Vos, **SHALL BE ADMITTED**.

This is not a final and immediately appealable order.

**IT IS SO ORDERED this  19th   day of August 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge